IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**DANIEL LOEBSACK, ROBERT HASTINGS, ARIANA ROSE and ERIK WISE, Each Individually and on Behalf of All Others Similarly Situated**   **PLAINTIFFS**

vs.                         No. 4:21-cv-1884

**THE DUFRESNE SPENCER GROUP, LLC**               **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Daniel Loebsack, Robert Hastings, Ariana Rose and Erik Wise ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against The Dufresne Spencer Group, LLC ("Defendant"), they do hereby state and allege as follows:

### I.   JURISDICTION AND VENUE

1.   Plaintiffs, each individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiffs and all others similarly situated a proper overtime compensation for all hours that Plaintiffs and all others similarly situated worked.

2. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendant conducts business within the State of Texas.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5. Plaintiff Daniel Loebsack was employed by Defendant at its facilities located in Houston. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

6. Upon information and belief, Defendant has over 110 stores in the U.S. and approximately 20 of them are in Texas, including approximately 12 within the Southern District of Texas.

7. Due to the large number of stores Defendant maintains in Texas, Defendant has had continuous and systemic contacts with Texas and with the Southern District of Texas.

8. Defendant has systematically and purposely availed itself of the benefits of doing business in Texas.

## II. THE PARTIES

9. Plaintiff Daniel Loebsack ("Loebsack") is an individual and resident of Harris County.

10. Plaintiff Robert Hastings ("Hastings") is an individual and resident of Taylor County.

11. Plaintiff Ariana Rose ("Rose") is an individual and resident of Santa Fe County, New Mexico.

12. Plaintiff Erik Wise ("Wise") is an individual and resident of Oakland County, Michigan.

13. Defendant is a foreign limited liability company.

14. Defendant's registered agent for service is CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

15. Defendant does business as Ashley HomeStore.

### III. FACTUAL ALLEGATIONS

16. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

17. Defendant owns and operates Ashley HomeStores throughout the United States.

18. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as furniture and credit cards.

19. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

20. At all times material herein, Defendant was an "employer" of Plaintiffs within the meaning of the FLSA.

21. Defendant employed Loebsack as a Salesperson in Houston from August of 2012 until July of 2019.

22. Defendant employed Hastings as a Salesperson in Abilene from March of 2021 until May or June of 2021.

23. Defendant employed Rose as a Salesperson in Santa Fe, New Mexico, from June of 2020 until May or June of 2021.

24. Defendant employed Wise as an Assistant Sales Manager in Bloomfield, Michigan, from 2017 to the present.

25. At all times material herein, Defendant classified Loebsack as nonexempt from the overtime requirements of the FLSA and paid him an hourly wage.

26. At all times material herein, Defendant classified Hastings as exempt from the overtime requirements of the FLSA and paid him an hourly wage.

27. At all times material herein, Defendant classified Rose and Wise as exempt from the overtime requirements of the FLSA and paid them on commission.

28. At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA.

29. In addition to Loebsack and Hastings, Defendant also employed other hourly-paid Salespeople within the three years preceding the filing of this lawsuit ("Hourly Salespeople").

30. In addition to Rose and Wise, Defendant also employed other commission-paid Salespeople with the three years preceding the filing of this lawsuit ("Commission Salespeople").

31. At all relevant times herein, Defendant directly hired Hourly Salespeople and Commission Salespeople to work at its facilities, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

### A. Probationary Period—Hourly Pay

32. Upon information and belief, Hastings would have received commission and begun to be paid entirely on commission if he had continued to work for Defendant, but it is Defendant's policy to pay Salespeople a solely an hourly wage for the first few months of their employment ("probationary period").

33. Upon information and belief, other Salespeople were also paid solely an hourly wage during their probationary period.

34. Hastings regularly worked over 40 hours per week during his probationary period.

35. Hastings estimates he worked approximately 60 hours per week.

36. Hastings recorded his time using Defendant's timekeeping system.

37. Defendant did not pay Hastings for hours worked over 40 each week.

38. Upon information and belief, Defendant also did not pay other Salespeople wages for hours worked over 40 each week during their probationary period.

39. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

40. At all relevant times herein, Defendant has deprived Hastings and similarly situated employees of proper overtime compensation for all of the hours worked over forty per week.

41. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

**B.  Hourly Salespeople**

42. In addition to his hourly rate, Loebsack received commissions based on the furniture he sold to Defendant's customers.

43. Other Hourly Salespeople also earned commissions based on sales.

44. Loebsack periodically worked over forty hours per week while employed by Defendant.

45. Other Hourly Salespeople worked over forty hours in at least some weeks while employed by Defendant.

46. During weeks in which Loebsack and other Hourly Salespeople worked over forty hours, Defendant paid an improper overtime rate because Defendant determined the regular rate of pay solely based on employees' hourly rate, without including the value of the commissions that Defendant provided to Loebsack and other Hourly Salespeople.

47. Section 778.117 of Title 29 of the Code of Federal Regulations states that commissions "are payments for hours worked and must be included in the regular rate," regardless of the basis for them or their frequency.

48. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as commissions, in the regular rate when calculating Loebsack's and other Hourly Salespeople's overtime pay.

49. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

50. At all relevant times herein, Defendant has deprived Loebsack and similarly situated employees of proper overtime compensation for all of the hours worked over forty per week.

51. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

**C.   Commission Salespeople**

52. Rose and Wise were paid on a draw system by which they received a minimum amount if they did not earn enough commission.

53. Upon information and belief, other Commission Salespeople were also paid in this same way.

54. Section 779.412 of Title 29 of the Code of Federal Regulations states that employees who are paid on a commission basis must receive a regular hourly rate of 1.5x the applicable minimum wage.

55. Rose and Wise occasionally worked so many hours over 40 in a week that their hourly rate was less than 1.5x the applicable minimum wage.

56. Upon information and belief, other Commission Salespeople occasionally worked so many hours over 40 in a week that their hourly rate was less than 1.5x the applicable minimum wage.

57. In weeks in which their hourly rate was less than 1.5x the applicable minimum wage, Rose, Wise and other Commission Salespeople were entitled to an overtime rate of 1.5x their regular rate of pay for all hours worked over 40.

58. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

59. At all relevant times herein, Defendant has deprived Rose, Wise and similarly situated employees of proper overtime compensation for all of the hours worked over forty per week.

60. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## IV.     REPRESENTATIVE ACTION ALLEGATIONS

61.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

62.     Plaintiffs bring this FLSA claim on behalf of all other Hourly and Commission Salespeople who were employed by Defendant at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty hours in a week;

B.     Liquidated damages; and

C.     Attorney's fees and costs.

63.     Plaintiffs propose the following collectives under the FLSA:

**1: All Salespeople who were paid a regular hourly wage in any week within the past three years who were not paid for hours worked over 40.**

**2: All hourly-paid Salespeople who earned a commission in connection with work performed in any week in which they worked over forty hours within the past three years.**

**3: All commission-paid Salespeople who received pay within the past three years for work performed in any week in which their hourly rate did not exceed 1.5x the applicable minimum wage.**

64.     In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

65.     The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and

continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

66. The first proposed collective members are similarly situated in that they share these traits:

A. They were paid hourly;

B. They did not receive commissions or they received minimal commissions; and

C. They were not paid for hours worked over 40 each week.

67. Plaintiffs are unable to state the exact number of the collective but believe that there are at least 300 other employees who worked as Salespeople, did not receive commissions or received minimal commissions and were not paid an overtime premium for all hours worked over 40.

68. Defendant can readily identify the members of the Section 16(b) collective which encompasses all hourly Salespeople who worked more than forty hours in a week

69. The second proposed collective members (Hourly Salespeople) are similarly situated in that they share these traits:

A. They were classified by Defendant as nonexempt from the overtime requirements of the FLSA;

B. They were paid hourly rates;

C. They earned commissions;

D. They worked over forty hours in at least one week in which they performed work in connection with a commission; and

E. They were subject to Defendant's common policy of failing to include the commissions in their hourly rate when calculating their overtime pay.

70. Plaintiffs are unable to state the exact number of the collective but believe that there are at least 300 other employees who worked as Hourly Salespeople and received an improperly calculated overtime rate due to a failure to include the commissions in their regular hourly rate.

71. Defendant can readily identify the members of the Section 16(b) collective which encompasses all Hourly Salespeople who received a commission and worked more than forty hours in a week.

72. The third proposed collective members (Commission Salespeople) are similarly situated in that they share these traits:

A. They were classified by Defendant as exempt from the overtime requirements of the FLSA;

B. They were paid either solely on commission or commission made up at least 50% of their wages; and

C. They worked over forty hours in at least one week in which their constructive hourly rate fell below 1.5x the applicable minimum wage.

73. Plaintiffs are unable to state the exact number of the collective but believe that there are at least 300 other employees who worked as Commission Salespeople and were not paid an overtime premium for all hours worked over 40.

74. Defendant can readily identify the members of the Section 16(b) collective which encompasses all commission-paid Salespeople who worked more than forty hours in a week.

75. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## V.   FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

76. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

77. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

78. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

79. Defendant classified Loebsack as nonexempt from the overtime requirements of the FLSA, and classified Hastings, Rose and Wise as exempt from the overtime requirements of the FLSA.

80. Defendant violated 29 U.S.C. § 207 by not paying Plaintiffs a proper overtime rate for all hours worked in excess of forty per week.

81. Defendant violated Section 778.117 of Title 29 of the CFR by not including all forms of compensation, including commissions, for Loebsack in his regular rate when calculating his overtime pay.

82. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

83. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

84. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VI.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA—Salespeople)

85. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

86. Plaintiffs brings this collective action on behalf of themselves and all similarly situated employees who were employed by Defendant as Salespeople and were paid an hourly wage, to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for overtime compensation for all the hours they worked in excess of forty each week.

87. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

88. Defendant classified Hastings and all others similarly situated as exempt from the overtime requirements of the FLSA.

89. Defendant violated 29 U.S.C. § 207 by not paying Hastings and all others similarly situated a proper overtime rate for all hours worked in excess of forty per week.

90. Upon information and belief, Hastings and all or almost all other Salespeople worked more than forty hours in at least one week while they were in their training or probationary period.

91. Defendant failed to pay Hastings and similarly situated employees overtime pay for hours worked over 40 each week.

92. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

93. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Hastings and all those similarly situated for, and Hastings and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

94. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Hastings and all those similarly situated as provided for by the FLSA, Hastings and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   THIRD CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA—Hourly Salespeople)

95. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

96. Plaintiffs brings this collective action on behalf of themselves and all similarly situated employees who were employed by Defendant as Salespeople and were paid an hourly wage, to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for overtime compensation for all the hours they worked in excess of forty each week.

97. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

98. Defendant classified Loebsack and all others similarly situated as nonexempt from the overtime requirements of the FLSA.

99. Defendant violated 29 U.S.C. § 207 by not paying Loebsack and all others similarly situated a proper overtime rate for all hours worked in excess of forty per week.

100. Defendant violated Section 778.117 of Title 29 of the CFR by not including all forms of compensation, such as commissions, given to Loebsack and others in their regular rate when calculating their overtime pay.

101. Upon information and belief, Loebsack and all or almost all employees who received commissions worked more than forty hours in at least one week in which they performed work connected to a commission.

102. Defendant failed to pay Loebsack and similarly situated employees at the proper overtime rate.

103. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

104. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Loebsack and all those similarly situated for, and Loebsack and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

105. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Loebsack and all those similarly situated as provided for by the FLSA, Loebsack and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.   FOURTH CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA —Commission Salespeople)

106. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

107. Plaintiffs brings this collective action on behalf of themselves and all similarly situated employees who were employed by Defendant as Salespeople and were paid an hourly wage, to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for overtime compensation for all the hours they worked in excess of forty each week.

108. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

109. Defendant classified Rose, Wise and all others similarly situated as nonexempt from the overtime requirements of the FLSA.

110. Defendant violated 29 U.S.C. § 207 by not paying Rose, Wise and all others similarly situated a proper overtime rate for all hours worked in excess of forty per week.

111. Upon information and belief, Rose, Wise and all or almost all employees who received commissions worked more than forty hours in at least one week in which their hourly rate did not exceed 1.5x the applicable minimum wage.

112. Defendant failed to pay Rose, Wise and similarly situated employees at the proper overtime rate.

113. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

114. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Rose, Wise and all those similarly situated for, and Rose, Wise and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

115. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Rose, Wise and all those similarly situated as provided for by the FLSA, Rose, Wise and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Daniel Loebsack, Robert Hastings, Ariana Rose and Erik Wise, each individually on behalf of all others similarly situated, respectfully pray as follows:

A. That Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiffs, the collective members and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and the attendant regulations;

D. Certification of three collectives under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

E. Judgment for damages for all unpaid back wages owed to Plaintiffs and members of the collectives from a period of three years prior to this lawsuit through the date of trial under the FLSA and the attendant regulations;

F. Judgment for liquidated damages pursuant to the FLSA and the attendant regulations;

G. An order directing Defendant to pay Plaintiffs and members of the collectives interest, reasonable attorney's fees and all costs connected with this action; and

H. Such other relief as this Court may deem just and proper.

Respectfully submitted,

**DANIEL LOEBSACK, ROBERT HASTINGS, ARIANA ROSE and ERIK WISE, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Center Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com