United States District Court
Southern District of Texas

**ENTERED**

July 11, 2022

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL LOEBSACK, ET AL., INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No.: 4:21-cv-1884 |
| THE DUFRESNE SPENCER GROUP, LLC, | § § | |
| *Defendant*. | § § | |

## MEMORANDUM AND RECOMMENDATION

This Fair Labor Standards Act (FLSA) case is before the Court on Plaintiffs' Motion for Certification of Collective Action, ECF 16.[1]  Having considered the parties' submissions and the law, the Court recommends that the Motion for Certification of Collective Action be DENIED in part and GRANTED in part and that a narrowed collective action be certified.

### I.    Background

Plaintiffs are current or former employees of various Ashley HomeStores who filed a Complaint alleging the Defendant violated the FLSA by failing to provide overtime pay at 1.5 times the employee's regular rate for hours worked beyond forty per week.  ECF 1.  Plaintiffs allege these FLSA violations occur across various categories of employees and in various locations around the country.  ECF 1.  The parties conducted preliminary discovery and Plaintiffs moved for certification of a collective action defined as:

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 28.

> All Sales Associates who earned an hourly-rate or a commission in connection with work performed in any week in which they worked over forty hours within the past three years.

ECF 16 at 1.

Defendant objected to the certification of a collective action, arguing that members of Plaintiffs' proposed collective action are not "similarly situated." *See* ECF 22. In their Reply to Defendant's Response, Plaintiffs concede the initially proposed collective was likely overbroad, and now request certification of a narrower collective action. ECF 26 at 2. Further, Plaintiffs disagree with Defendant's position that *Bristol-Myers Squibb* applies to this FLSA case and requires a plaintiff- by-plaintiff showing of specific jurisdiction for claims brought by opt-ins who do not work in Texas. *Bristol-Myers Squibb, Co. v. Superior Ct. of California, San Francisco Cnty.*, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017). Plaintiffs ask the Court, as an alternative to the denial of certification due to the application of *Bristol-Myers Squibb*, to certify a collective action composed of employees who work or worked in Texas and are similarly situated to Loebsack. ECF 26 at 5.

## II.   Legal Standards

The FLSA authorizes employees to maintain a suit against employers "for and on behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). The Fifth Circuit in *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 434 (5th Cir. 2021), recently set forth guidelines for determining when an FLSA case should proceed as a collective action. *Swales* expressly rejected the two-stage approach of *Lusardi v. Xerox, Corp.*, 118 F.R.D. 351 (D.N.J. 1987), which had routinely been applied by district courts. In doing so, the Fifth Circuit embraced "interpretative first principles: (1) the text of the FLSA, specifically § 216(b), which declares that only those 'similarly situated' may proceed as a collective; and (2) the Supreme Court's

2

admonition that while a district court may 'facilitat[e] notice to potential plaintiffs' for case-management purposes, it cannot signal approval of the merits or otherwise stir up litigation." *Id.* (citing *Hoffmann-La Roche, Inc. v.* Sperling, 493 U.S. 165, 169 (1989)).  *Swales* instructs district courts to "identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.'" *Id.* at 441. After identifying the material facts and legal considerations at issue, the Court may decide (i) collective action is not appropriate; (ii) additional discovery is needed to make a determination; or (iii) a certain category of employees is similarly situated and should be given notice.  *Id.* at 443.

Although *Swales* invalidated *Lusardi's* lenient two-step approach, district courts continue to apply the factors identified in *Lusardi* for determining whether plaintiffs have met their burden to show that potential collective action members are "similarly situated." *Fuller v. Jumpstar Enterprises, LLC*, No. CV H-20-1027, 2021 WL 5771935, at *3 (S.D. Tex. Dec. 6, 2021).  "Those factors are: (1) the disparate factual and employment settings of the proposed plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each proposed plaintiff; and (3) fairness and procedural considerations." *Id.*   "[T]he district court has broad, litigation-management discretion" to determine whether to certify a collective action.  *Swales,* 985 F.3d at 433.

### III.    Analysis

#### A.    The Plaintiffs' narrowed definition of the proposed collective action

Defendant's Response to the Motion to Certify presented a compelling argument for why the initial class definition proposed by Plaintiffs was overbroad.  Defendant explained that the proposed members of the collective action work or worked at various stores that were acquired at different times, from different prior owners, and that pay employees pursuant to several different

pay schemes (the "DSG Plan," the "DSG Tele-Sales Compensation Plan," the "HCH Plan," and the "Han Nara Compensation Plan").  ECF 22 at 4-9.  Defendant also established that the class initially proposed by Plaintiffs included: employees across multiple positions ("Retail Sales Associates," "Senior Sales Associates," "Associate Sales Managers", and "Sales Managers"); employees in exempt and non-exempt positions; employees paid based on commission and by the hour; and employees who worked in store locations across several different states.  *Id.* Consideration of the factors set forth in *Fuller*, 2021 WL 5771935 at *3, would reveal that certification of the collective action as initially proposed would not be appropriate because the members are not "similarly situated" for purposes of demonstrating the alleged FLSA violations.

However, Plaintiffs now agree to narrow the initially proposed class to one comprised of members "similarly situated" only to named Plaintiff Daniel Loebsack.  ECF 26 at 1.  Loebsack worked as retail sales associate at the Willowbrook Mall Ashley HomeStore in Houston, Texas, was classified as a non-exempt employee, and was paid an hourly rate plus commissions and bonuses pursuant to the HCH Plan.[2]  ECF 16-1; ECF 22 at 13; ECF 26 at 2.  Plaintiffs' proposed, narrowed class consists of:

> all employees who were paid under the HCH legacy compensation plan of earning an hourly rate plus commissions and bonuses and worked over 40 hours in any week within the past three years.

ECF 26 at 2.  In addition, Plaintiffs clearly intend the narrowed collective action to include only nonexempt employees.  ECF 26 at 2, 4.  With respect to the positions to be included in the collective action, Loebsack's Declaration identifies him as a "sales associate" (ECF 16-1), while Defendant refers to his position as "product specialist." (ECF 22-1 at 2; ECF 22-7).  A collective action that includes

---

[2] Plaintiffs do not address the impact of the revised class definition on the claims of the other named Plaintiffs, none of whom were paid under the HCH Plan.

> all retail sales associates or product specialists classified as nonexempt who were paid under the HCH legacy compensation plan of earning an hourly rate plus commissions and bonuses and worked over 40 hours in any week within the past three years

appears to alleviate all of Defendant's objections to certification except for the issue of whether *Bristol Myers Squibb* precludes FLSA claims that have no connection to Texas.  Whether the *Bristol-Myers Squibb* requirements for plaintiff-by-plaintiff specific jurisdiction in a state court mass tort case applies to this federal-question FLSA case is discussed below.

### B.    The application of *Bristol-Myers Squibb* to FLSA collective actions

In 2017 the Supreme Court held that a California state court lacked specific jurisdiction over Bristol-Myers Squibb with respect to Plavix product liability claims asserted by nonresident plaintiffs who neither purchased nor ingested Plavix in California.  *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 137 S. Ct. 1773, 1782 (2017).  The Court based its decision on the limitations imposed by the Fourteenth Amendment on the exercise of personal jurisdiction by state courts.  *Id.* at 1779.  The Court held that the exercise of personal jurisdiction over Bristol-Myers Squibb by a California court, required each plaintiff in the mass tort action to show an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Id.* at 1781.  The Supreme Court found that the demonstration of specific jurisdiction as to the named plaintiffs' claims was an insufficient basis for the exercise of personal jurisdiction over Bristol-Myers Squibb with respect to other plaintiffs' claims in the mass tort action.  *Id.*  The Supreme Court expressly left open "the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court."  *Id.* at 1784.

The Fifth Circuit has not addressed whether the Supreme Court's holding in *Bristol-Myers Squibb* applies to federal question cases such as FLSA claims brought in federal court.  The circuit

5

courts that have addressed whether *Bristol-Myers Squibb* bars a nationwide FLSA collective action—the First, Sixth, and Eighth Circuits—have reached differing conclusions.  The Sixth Circuit held in 2021 that the district court lacked specific jurisdiction over claims brought by out-of-state opt-in FLSA plaintiffs.  *See Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 397-400 (6th Cir. 2021) (holding the requirement in *Bristol-Myers Squibb* of specific jurisdiction for each mass tort plaintiff's claims applies with equal force to FLSA collective actions).  Relying on the absence of a nationwide service of process provision in the FLSA, the Sixth Circuit reasoned that a "federal court's authority to assert personal jurisdiction over the defendant with respect to the nonresident plaintiff's claims remains constrained by Civil Rule 4(k)(1)(A)'s territorial limitations."  *Id.* at 398, 400.

The Eighth Circuit in 2021 performed a less detailed analysis, that but also held that in the absence of a provision for nationwide service of process, Rule 4(k)(1)(A) requires a court to look to the state's long-arm statute and whether specific jurisdiction exits for each individual plaintiff's claim.  *Vallone v. CJS Sols. Grp., LLC,* 9 F.4th 861, 865-66 (8th Cir. 2021).  The *Vallone* court, citing *Bristol-Myers Squibb*, 137 S. Ct. at 1781, held that certification of the nationwide FLSA collective action was not justified because some proposed class members' claims had no connection to Minnesota.  *Id.*

The First Circuit's 2022 opinion discussed the prior opinions issued by the Sixth and Eighth Circuits and, contrary to those decisions, held that the Supreme Court's ruling in *Bristol-Myers Squibb* does not apply to FLSA actions in federal court.  *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84 (1st Cir. 2022).  The First Circuit started by noting that the Supreme Court's reasoning in *Bristol-Myers Squibb* "rests on Fourteenth Amendment constitutional limits on state courts exercising jurisdiction over state-law claims" but that "the constitutional limits of a federal court's

jurisdiction over federal claims are drawn in the first instance with reference to the Due Process Clause of the Fifth Amendment." *Id*. at 92 (changes in original omitted, citing *Lorelei Corp. v. County of Guadalupe*, 940 F.2d 717, 719 (1st Cir. 1991)).  The First Circuit also noted that the "Fifth Amendment does not bar an out-of-state plaintiff from suing to enforce their rights under a federal statute in federal court if the defendant maintained the requisite minimum contacts with the United States." *Id*. (citation omitted).  The defendant in *Waters* argued that Rule 4(k) of the Federal Rules of Civil Procedure "incorporates the Fourteenth Amendment's limits on the jurisdiction of federal courts wherever a federal statute does not provide for nationwide services of process." *Id*.  The First Circuit wrote that "[t]o be sure, Rule 4(k)(1) does make the due process standard of the Fourteenth Amendment applicable to federal question claims in federal court when a plaintiff relies on a state long-arm statute for service of the summons[,] . . . .[b]ut this is not the same thing as saying that Rule 4 or the Fourteenth Amendment governs district court jurisdiction in federal question cases after a summons has been properly served[]." *Id.* at 94 (changes added). The *Waters* court went on to find that the text and history of Rule 4 show it was intended to govern service of a summons, not to limit the jurisdiction of a federal court.  *Id*. at 94-96.

District courts around the country are likewise split on the issue of whether *Bristol Myers Squibb* requires a showing of specific jurisdiction with respect to each opt-in plaintiffs' claims in FLSA collective actions.  Some courts have followed *Swamy v. Title Source, Inc*., No. C 17-01175 WHA, 2017 WL 5196780, at *2 (N.D. Cal. Nov. 10, 2017), a California district court decision which held that *Bristol-Myers Squibb* "does not apply to divest courts of personal jurisdiction in FLSA collective actions" based on federalism concerns and the FLSA's intended purpose to provide a mechanism for similarly situated employees, wherever located, to bring collective actions.  *See, e.g., Warren v. MBI Energy Servs., Inc.*, No. 19-CV-00800-RM-STV, 2020 WL

937420, at *6 (D. Colo. Feb. 25, 2020), report and recommendation adopted in part, No. 1:19-CV-00800-RM-STV, 2020 WL 5640617 (D. Colo. Sept. 22, 2020).  Others have rejected the reasoning of *Swamy* and required all FLSA collective action members to establish a connection between their claims against the defendant and the forum state.  *See, e.g., Maclin v. Reliable Reps. of Texas, Inc.*, 314 F. Supp. 3d 845, 850–51 (N.D. Ohio 2018) (holding that "the Fifth Amendment Due Process Clause would [not] have any more or less effect on the outcome respecting FLSA claims than the Fourteenth Amendment Due Process Clause, and this district court will not limit the holding in *Bristol–Myers* to mass tort claims or state courts." (change added)).

Several cases from the Northern District of Texas have applied *Bristol-Myers Squibb* in the FLSA context.  *See Trottier v. FieldCore Servs. Sols., LLC*, No. 2:20-CV-186-Z-BR, 2022 WL 658765, at *5 (N.D. Tex. Mar. 4, 2022) ("As Defendant notes, inclusion of [out of state] individuals would be 'overbroad' because '[t]hose employees never suffered potential FLSA overtime violations in Texas because ... none of them worked overtime ... in Texas.'"); *Sambrano v. United Airlines, Inc.*, No. 4:21-CV-1074-P, 2021 WL 5178829, at *7-8 (N.D. Tex. Nov. 8, 2021) (dismissing claims of named FLSA plaintiff whose claims did not provide "jurisdictional hooks—residence, the harm's location, and the accommodation policy itself," but declining to rule "prematurely" on out-of-state putative class members who had not yet opted in as plaintiffs); *Martinez v. Tyson Foods, Inc.*, 533 F. Supp. 3d 386, 393 (N.D. Tex. 2021) (declining to follow the *Swamy* line of cases); *Greinstein v. Fieldcore Servs. Sols., LLC*, No. 2:18-CV-208-Z, 2020 WL 6821005, at *4 (N.D. Tex. Nov. 20, 2020) (finding "the straight-forward application of *BMS* means this Court cannot exercise personal jurisdiction over potential out-of-state plaintiffs' claims.").

As far as this Court has found, the only decision from the Southern District of Texas directly addressing the application of *Bristol-Myers Squibb* in an FLSA case is *Garcia v. Peterson*,

319 F. Supp. 3d 863, 880 (S.D. Tex. 2018).  In that case, District Judge Gray Miller reviewed numerous district court cases and agreed with those that "have determined that *Bristol-Myers* should not apply to class actions or FLSA collective actions, citing the extra protection provided in certifying a class under either Rule 23 or the FLSA." *Id.*  However, the *Garcia* court rejected several jurisdictional theories advanced by plaintiffs before ultimately denying the defendant's motion to dismiss for lack of personal jurisdiction on grounds that defendant consented to jurisdiction in Texas by initiating related court proceedings in the state.  *Id.* at 892-93.

Despite the First Circuit's decision in *Water* and Judge Miller's decision in *Garcia*, the majority of the courts that have addressed the issue have agreed with the position expressed in the Sixth Circuit's decision in *Canady*.  Without deciding that *Bristol-Myers Squibb* precludes personal jurisdiction over the Defendant with respect to claims by non-Texas residents, the Court recognizes that this potential jurisdictional defense affects whether nonresident employees are similarly situated to Loebsack for purposes of collective action certification.  The presence of individualized defenses is one consideration for determining whether a case is suitable for collective action.  *Fuller*, 2021 WL 5771935, at *3.  Clearly, the individualized personal jurisdiction defense under *Bristol-Myers Squibb* is a non-frivolous issue that could be raised with respect to all employees in a collective action who were not employed in Texas.  The potential application of the principles in *Bristol-Myers Squibb* to FLSA actions weighs heavily against certifying a collective action that includes employees whose claims have no connection to Texas and will be subject to a motion to dismiss on jurisdictional grounds.[3]  Therefore, the Court recommends that the District Judge certify the alternative, narrowed collective action proposed by Plaintiffs in their Reply (ECF 26):

---

[3] Plaintiffs do not argue that the Court has general personal jurisdiction over Defendant.

> All retail sales associates or product specialists classified as nonexempt who worked in Texas and were paid under the HCH legacy compensation plan of earning an hourly rate plus commissions and bonuses and worked over 40 hours in any week within the past three years.

## IV.     Conclusion and Recommendation

As set forth above, the Court RECOMMENDS that Plaintiffs' Motion for Certification of a Collective Action be DENIED in part and GRANTED in part and that a collective action be certified as to:

> All retail sales associates or product specialists classified as nonexempt who worked in Texas and were paid under the HCH legacy compensation plan of earning an hourly rate plus commissions and bonuses and worked over 40 hours in any week within the past three years.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).   Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 11, 2022, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge